[No. 18163.   Department Two.   December 14, 1923.]

THE STATE OF WASHINGTON, *on the Relation of J. H. Holme et al., Plaintiff*, v. A. V. FAWCETT *et al., Respondents*.[1]

MANDAMUS (16)—APPEAL (102)—REVIEW—CESSATION OF CONTROVERSY—LAPSE OF TIME.   The supreme court will not review the dismissal of mandamus proceedings to control the action of a city council in making up its annual budget, where by reason of lapse of time, the judgment could not become effective during the current year, which alone is involved.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered May 24, 1923, dismissing an action to compel a city council to make an adequate award for maintenance of the civil service board, tried to the court.   Affirmed.

*Ellis, Fletcher & Evans* and *Harmon & Keyes,* for appellants.

*P. C. Sullivan* and *Percy P. Brush,* for respondents.

PER CURIAM.—The city council of the city of Tacoma, in making up its budget estimates of the amount of money required by the various departments of the city for the year 1923, awarded to the civil service board the sum of $750.   This award was afterwards confirmed by ordinance, whereupon the civil service board, conceiving that the sum awarded was insufficient to enable it to perform its public duties, instituted a proceeding in mandamus, in the superior court of Pierce county, to compel the city council to make a more adequate award.   Issue was joined by the city council on the traversible facts alleged in the petition for the writ, and the cause was subsequently tried out on the issue

[1]Reported in 221 Pac. 305.

of adequacy or inadequacy of the award. The superior court found the award adequate and entered an order dismissing the proceedings. The civil service board appealed from the order of dismissal, which appeal, in the due course of procedure, came on for hearing and was heard and submitted to this court at its October session, 1923.

We are asked to determine the cause upon its merits, and direct such a judgment as to us the justice of the case merits, but we are confronted with the situation that no order which this court can now enter, or which it could have entered subsequent to the submission of the cause, would be of avail to the civil service board. The cause must take its orderly course of procedure through this court; after the remittitur from this court reaches the trial court, there must be some time elapse before the trial court can correct its judgment to conform therewith; and, after this, the city council must have a reasonable time to comply with the order. The ordinary delays the law thus enforces will extend the time beyond the period of the current year, and it is only during the current year that the fund so provided can be used.

The case of *Berkey v. Board of Commissioners of Pueblo County*, 48 Colo. 104, 110 Pac. 197, cited and relied upon by the appellants, is, in our opinion, not in point to the question here presented. That was a case where the county commissioners, against the plain mandate of the statute, had refused to make a levy of taxes to pay an obligation of the county. It was contended that the application came too late for the levy of the current year because the levy for that year had then been made, and that it was too early for the ensuing year, as it could not then be known that the commissioners would at that time refuse to make a levy. The court refused to listen to the plea, saying that, by

that line of reasoning, a claimant with a just cause might be entirely barred of his right, "it being forever and ever too early, or else too late, for the board to comply with his demand," and granted the writ requiring the board to make the levy at the earliest opportunity. But the situation there presented is not the situation here. There the levy whenever made would be available to the claimant, while in the case before us the award will be of no avail unless made during the ensuing year.

It is said, however, that a failure to decide the question presented leaves the whole matter undetermined; that the question is not one of the year 1923, but involves the whole future of civil service under the city charter. But this is manifestly an extreme view of the situation. The city council has not refused to make an award for the use of the civil service board, nor has it indicated that it will refuse to do so in the future. The needs of the board must vary from year to year, and any award for the particular year can be no very close measure of its needs for other years, and for that reason, if for no other, an adjudication by this court that the present award is inadequate would not be *res judicata* or even enlightening as to the adequacy or inadequacy of awards made for other years. Nor is the argument sound that the civil service board will, in every instance, be met with the conditions it is met with here when it seeks a review of an order of the trial court. This court has power, and it is its practice, on application, to advance the hearing of causes, where it is made to appear that the judgment of the court will be without effect if the regular course of procedure is pursued.

Affirmed.